UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK A. HOUSER, <br><br> Plaintiff, <br><br> v. <br><br> LTD FINANCIAL SERVICES, L.P., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:19-cv-01552 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MARK A. HOUSER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of LTD FINANCIAL SERVICES, L.P. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is located in Harris County, which falls within the Southern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age, and "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collector that collects upon debts from consumers across the country. Defendant is a limited partnership organized under the laws of the state of Texas with its registered agent located at 1999 Bryan Street, Suite 900, Dallas, Texas.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Several years ago, Plaintiff obtained a loan. As a result of financial hardship, Plaintiff fell behind on his scheduled payments and incurred debt ("subject debt").

9. In approximately January 2019, Plaintiff began receiving calls to his cellular phone, (858) XXX-8843, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8843. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant mainly uses the phone number (713) 773-8102 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

12. Upon information and belief, the aforementioned phone number ending in -8102 is regularly utilized by Defendant during its debt collection activity.

13. Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

14. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

15. Plaintiff explained his financial hardship to Defendant and demanded that it stop calling him.

16. Despite Plaintiff's demands, Defendant has continued to place phone calls to Plaintiff's cellular phone seeking collection of the subject debt up until the filing of the instant action.

17. Plaintiff has received not less than 15 phone calls from Defendant since asking it to stop calling.

18. On at least one occasion, Defendant threatened to unilaterally garnish Plaintiff's wages.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 15 times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

29. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

4

30. Moreover, Defendant violated 15 U.S.C. §1692d when it issued baseless threats to Plaintiff. Any reasonable fact finder will conclude that Defendant's garnishment threats were harassing and abusing as they were designed to unlawfully coerce Plaintiff into addressing the subject debt.

    b.  **Violations of FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. §1692e(4); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(4) when it used deceptive means to collect and/or attempt to collect the subject debt. By threatening to garnish Plaintiff's wages, it gave Plaintiff the false impression that Defendant had the legal ability to unilaterally garnish Plaintiff's wages in an attempt to coerce Plaintiff into paying the subject debt. Moreover, Defendant's lack of intent to proceed with the legal process of garnishing Plaintiff's wages can be gauged by its failure to initiate a garnishment lawsuit and instead proceed with its coercive attempts to collect from Plaintiff outside of the judicial process.

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact him via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a

deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 15 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. Defendant further violated §1692f when it unfairly and unconscionably threatened to unilaterally garnish Plaintiff's wages. Any reasonable fact finder will conclude that threatening to garnish a sickly person's wages is unfair and/or unconscionable because it is designed to worry and confuse Plaintiff into making a payment on the subject debt.

38. As pled in paragraphs 19 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MARK A. HOUSER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

41. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant continuing to contact Plaintiff after he demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

42. Defendant violated the TCPA by placing at least 15 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the subject consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting him.

43. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

44. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MARK A. HOUSER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

47. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

48. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    a. **Violations of RFDCPA § 1788.10 – 1788.17**

49. The RFDCPA, pursuant to Cal. Civ. Code §§ 1788.10 through 1788.16 prohibit the threat to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law; any communication with the debtor other than in the name either of the debt collector or the

8

person on whose behalf the debt collector is acting. Moreover, the RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

50. As outlined in paragraphs 22 through 38 above, Defendant violated §§ 1788.10 through 1788.17; and §§1692c, d, e, and f through its attempts to collect upon the subject consumer debt. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect on the subject consumer when it misleadingly represented that it would garnish Plaintiff's wages should payment not be made. Moreover, Defendant's conducts runs afoul of the RFDCPA, as it continued placing calls to Plaintiff's cellular phone despite Plaintiff's demands that it cease contacting him.

51. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, MARK A. HOUSER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

| | |
|---|---|
| Dated: April 29, 2019 | Respectfully submitted, |
| | |
| s/ Nathan C. Volheim (Lead Attorney) | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Southern District of Texas | Admitted in the Southern District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |