IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK A. HOUSER | § § § | |
| Plaintiff, | § § | |
| v. | § § | 4:19-CV-01552 |
| LTD FINANCIAL SERVICES, L.P, | § § § | |
| Defendant. | § | |

**DEFENDANT LTD FINANCIAL SERVICES, LP'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT &
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant LTD Financial Services, L.P. ("LTD") hereby moves for dismissal for Plaintiff, Mark A. Houser's failure to state a claim which relieve can be granted.

**I.    INITIAL MATTER- FAILURE TO SERVE AMENDED COMPLAINT**

1.    As an initial matter, LTD would like to bring the Court's attention of plaintiff's failure to serve his Amended Complaint.  LTD executed and returned the waiver of services of process for the Complaint on May 7, 2019.  On May 7, 2019, plaintiff filed his Amended Complaint. See Doc. 6.  However, plaintiff did not serve the Amended Complaint on defendant. In fact, plaintiff failed to provide any notice to defendant that the Amended Complaint was filed. Defendant was not aware of that the Amended Complaint was filed until it reviewed the docket for this case on Pacer.  Not only did plaintiff fail to serve the Amended Complaint on defendant, plaintiff also failed to include a certificate of service with its filing in violation of Fed. R. Civ. Proc. 5. Although, defendant was never served with the Amended Complaint, for judicial economy, defendant files this motion to dismiss as to the Amended Complaint.

1

## II.     FACTS

2.      Plaintiff has alleged that defendant violated the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

3.      Plaintiff alleges that defendant called plaintiff's cellular phone in connection with the collection of a "residential loan through United Guaranty Corporation." See Doc. 6 at ¶7-11. Plaintiff alleges that upon answering phone calls from defendant, plaintiff "experienced a significant pause, lasting several seconds in length, before being connected with a live representative." See Doc. 6 at ¶14. Plaintiff alleges that on December 18, 2018 the "subject consumer debt was no longer collectable by Defendant." See Doc. 6 at ¶17. Plaintiff also alleges that on December 14, 2018, plaintiff advised defendant that "that it was no longer allowed to call him." Doc. at ¶16. Finally, plaintiff alleges that he received around 15 phone calls from defendant since advising "it should no longer be calling." See Doc. at ¶19.

## III.     <u>STANDARD OF REVIEW</u>

Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed "unless it appears certain that [plaintiff] can prove no set of facts that would support his claim and would entitle him to relief." *Smith v. Sydnor*, 184 F.3d 356, 361 (4th Cir. 1999). The Court must accept all of the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Id*. at 361. However, that requirement applies only to facts, not to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Nor does a complaint suffice

if it tenders naked assertion[s] devoid of further factual enhancement. *Id.* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

### IV.  ARGUMENT

4.  Plaintiff's Amended Complaint, in whole or in part, must be dismissed for the follow reasons:

   (i)  Plaintiff failed to plead facts sufficient to support that (a) he is a "consumer" as defined in the FDCPA, or (b) LTD was attempting to collect a "debt" as defined by the FDCPA. Both of which are required to maintain an action for violation of the FDCPA.

   (ii)  Plaintiff has failed to plead facts to support a violation of FDCPA §1692e; and instead relies upon conclusory statement that the debt became "uncollectible" or "obsolete."

   (iii)  Plaintiff has failed to plead facts to support a violation of FDCPA §1692f because it has failed to allege facts that the debt was uncollectible as a matter of law and failed to allege a violation that is not enumerated in the other provisions of the FDCPA.

**A.  Plaintiff has failed to plead facts sufficient to support a violation of the FDCPA.**

5.  To prevail on claims against a debt collector under the FDCPA, a plaintiff must show that "(1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector [as] defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Shular ex rel. Situated v. LVNV Funding LLC* (S.D. Tex., 2016) (quoting *Hunsinger v. SKO Brenner American, Inc.*, Civil Action No. 3:13-cv-0988-D, 2014 WL 1462443, at *3 (N.D. Tex. April 15, 2014) (quoting *Browne v. Portfolio Recovery Associates*, Civil Action No. H-11-2869, 2013 WL 871966, at *4 (S.D. Tex. March 7, 2013))). The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the

subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. § 1692a(5).  The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692(a)(3).

6.      Therefore, in order to plead a plausible claim for violation of a FDCPA, plaintiff must plead **facts** that he is obligated or allegedly obligated to pay an obligation that arose out of a transaction primarily for personal, family or household purposes.  Moreover, statements unsupported by any facts are mere legal conclusions and do not satisfy the pleading requirements of Federal Rule of Civil Procedure 8.  S*ee Sanon-Lauredant v. LTD Financial Services, L.P*. No. 15-cv-6529, 2016 WL 3457010 (D.N.J. June 22, 2016); *Powell v. Aldous & Assocs., P.L.L.C.* (D.N.J., 2018); H*ennings v. Alltran Fin., LP* (E.D. Wis., 2017) and *Major v. Kochalski* (E.D. Pa., 2016).  See also *Vaquero v. Frederick J. Hanna & Assocs., P.C.*, No. 13-cv-641, 2013 WL 5947011 (D.N.J.Page 7 Nov. 6, 2013) (finding that the sole allegation that "Defendant sought to collect from [Plaintiff] a debt allegedly due to [Chase Bank] arising from transactions incurred for personal, family, or household purposes" did not satisfactorily plead the existence of a debt under the FDCPA).

7.      In the instant case, plaintiff has failed to plead facts sufficient to support the reasonable inference that the plaintiff is a consumer as defined by the FDCPA or that the obligation is a debt as defined by the FDCPA.  Instead of providing facts plaintiff, relies upon basic recitation of the statute.  See Doc. 6 at ¶28.  Although, plaintiff does state that the debt was in connection with "residential property," he does not state that it was a residential property for his personal, family or household purposes, as opposed to residential rental property.  See Do. 6 at ¶7.

8.     Because plaintiff has failed to allege facts sufficient to infer that the plaintiff is a consumer as defined by the FDCPA, the plaintiff's Amended Complaint must be dismissed for failure to plead a claim in which relief can be granted.

**B.  Plaintiff failed to plead a violation of §1692e.**

9.     Plaintiff's alleged violation of §1692e is based upon plaintiff's allegation that defendant did not have legal authority to collect upon the debt.  See Doc. 6 at ¶34.  §1692e prohibits a debt collector from making a false, deceptive, or misleading representation in connection with the collection of debt.   Plaintiff alleges that the defendant used false and deceptive means (1) by allegedly representing that defendant had legal authority to collect the debt; and (2) by making calls to plaintiff after plaintiff notified the defendant that it was not allowed to call him.

10.    Plaintiff's claim must be dismissed because (1) plaintiff does not allege that defendant communicated with plaintiff after the December 14, 2018 phone call or how the placement of the phone calls was deceptive; and (2) plaintiff failed to allege any facts to support his allegation that the debt was "uncollectible" or "obsolete."

11.     Plaintiff does not allege that there was any communication between plaintiff and defendant after December 18, 2018. Yet, plaintiff alleges that "Defendant violated §1692e, e(2) and e(10) when it *deceptively represented* that it had the legal authority to collect upon the subject consumer debt.  Doc. 6 at 34 (*emphasis added*).   It is unclear, how there could be a misrepresentation if there was no communication.  Plaintiff also fails to allege how defendant's placement of 15 calls after being notified that it "should not be contacting" plaintiff was deceptive. *Id*. at 35.  Plaintiff does not allege that defendant masked its identity or took any other deceptive actions in connection with placing the calls. Because plaintiff failed to provide any factual basis

of (1) a misrepresentation; or (2) any deceptive means, plaintiff's claim for violation of §1692e must be dismissed.

12. Plaintiff alleges that defendant violated of §1692e by "deceptively represent[ing] that it had legal authority to collect upon the subject consumer debt." See Doc. 6 at ¶34. However, plaintiff fails to allege how or why defendant allegedly did not have "legal authority to collect" the debt. Instead, plaintiff relies upon conclusory statements that the defendant was no longer legally able to collect the debt. See Doc. 6 at ¶¶17, 18, 19, 22, 34, and 35. Because plaintiff has failed to allege any facts that defendant used a misrepresentative or deceptive mean in the collection of the debt or to support its conclusory statements that defendant was not lawfully able to collect the debt, plaintiff's §1692e claim must be dismissed.

### C. Plaintiff failed to plead a violation of §1962f.

13. Plaintiff alleges that defendant violated §1692f by using unfair or unconscionable means to collect or attempt to collect debt. First, plaintiff alleges that defendant violated §1692f(1) by attempting to collect a debt that was "uncollectible as a matter of law." Doc. 6 at ¶37. Plaintiff fails to allege any facts that the subject debt was uncollectible, instead relying upon its conclusory statements. See Doc. 6 at ¶¶17, 18, 19, 22, 34, and 35. Nor does plaintiff allege facts that defendant attempted to collect a debt after notification of the alleged uncollectability of the account on December 18, 2018; instead plaintiff only alleges that calls were made after December 18, 2018. Because plaintiff has failed to plead facts to support its claim that defendant attempted to collect a debt that was uncollectible as a matter of law, plaintiff's §1692f(1) claim must be dismissed.

14. Plaintiff next alleges that defendant violated §1692f when it made the 15 calls after being notified that it was not allowed to call plaintiff. See Doc. 6 at ¶38. Plaintiff alleges that defendant was unfair and unconscionable because it placed "voluminous phone calls without his

6

permission." *Id.* As initial matter, a debt collector does need to obtain permission prior to calling a debtor; and therefore, it cannot be unfair or unconscionable behavior to call a debtor without permission. Plaintiff seems to be confused between a cease and desist request from a debtor versus an obligation of a debt collector to obtain permission. Regardless, plaintiff's claim for a violation of ¶1692f must be dismissed because the application of a violation of ¶1692f is limited to conduct not enumerated in the other provisions of the FDCPA.

15. While the Supreme Court has not "had the occasion to construe the terms 'unfair' or 'unconscionable' in § 1692f[,]" it stated that "[t]he FDCPA's legislative history suggests that Congress intended these terms as a backstop that would enable 'courts, where appropriate, to proscribe other improper conduct . . . not specifically addressed' by the 15 U.S.C. §1692(k). statute." *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1418 n.4 (2017) (quoting S. Rep. No. 95-382, at 4 (1977)). Thus, courts have held that "[i]n light of § 1692f's legislative history . . . [a] claim under § 1692f must be based on either conduct within the listed provisions of § 1692f or based on conduct that does not violate another section of the FDCPA." *Nolan v. Account Control Tech., Inc.*, No. A-17-CV-1184-SS, 2018 WL 1903147, at *5 (W.D. Tex. Feb. 23, 2018) (collecting cases).

16. The facts supporting plaintiff's ¶1692f claim are the same facts underlying his ¶1692c and §1692d claims. Plaintiff has alleged no other misconduct; therefore, plaintiff's §1692f claim must be dismissed.

## CONCLUSION

Plaintiff's FDCPA claims should be dismissed because plaintiff has failed to plead facts that the debt at issue is consumer debt as defined by the FDCPA; instead relying upon conclusory statements. In the alternative plaintiff's FDCPA claims should be dismissed for the reasons set

forth herein.

        Respectfully submitted,

        **LTD FINANCIAL SERVICES, L.P.**

**DATED:  July 1, 2019**    /s/ Sondra Jurica
        Sondra Jurica, 24032486
        LTD Financial Services, LP
        3200 Wilcrest,  Suite 600
        Houston, Texas 77074
        (713) 414-2100 x 2158
        (713) 414-2120 (FAX)
        Sondra.jurica@ltdfin.com
        *General Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2017, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Sondra Jurica
Sondra Jurica, 24032486
S.D. Tex. Bar No. 37020
LTD Financial Services, LP
3200 Wilcrest,  Suite 600
Houston, Texas 77074
(713) 414-2100 x 2158
(713) 414-2120 (FAX)
Sondra.jurica@ltdfin.com
*General Counsel for Defendant*