IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK A. HOUSER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 4:19-CV-01552 |
| | § | |
| LTD FINANCIAL SERVICES, L.P, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT LTD FINANCIAL SERVICES, LP'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT & SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant LTD Financial Services, L.P. ("'LTD'") hereby moves for dismissal for Plaintiff, Mark A. Houser's failure to state a claim which relieve can be granted.

Plaintiff has now had **2** opportunities to fix its complaint; and again failed to correct its failure to state a claim of violations of §1692e and §1692f of the FDCPA.

### I.    FACTS

1.    Plaintiff has alleged that defendant violated the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

2.    Plaintiff alleges that defendant called plaintiff's cellular phone in connection with the collection of a "'residential loan through United Guaranty Corporation.'"  See Doc. 13 at ¶7-11.  Plaintiff alleges that upon answering phone calls from defendant, plaintiff "'experienced a significant pause, lasting several seconds in length, before being connected with a live representative.'"  See Doc. 13 at ¶15.  Plaintiff alleges that on December 18, 2018 the "'subject consumer debt was no longer collectable by Defendant since the original creditor of the subject

1

debt, on whose behalf Defendant was attempting to collect, lost the lawful ability to continue efforts to collect upon the subject debt.'" See Doc. 13 at ¶18. Plaintiff also alleges that on December 14, 2018, plaintiff advised defendant that '"that it was no longer allowed to call him'" and that the debt '"became obsolete.'" Doc. 13 at ¶17 and ¶19. Finally, plaintiff alleges that he received around 15 phone calls from defendant since advising '"it should no longer be calling.'" See Doc. 13 at ¶20.

3.      Plaintiff has alleged that by calling plaintiff after the December 14, 2018 phone call defendant has violated the FDCPA, specifically §1692c(a)(1); §1692(d); §1692e and §1692f. Plaintiff alleges that calls made after the December 14, 2018 conversation violated §1692c(a)(1); §1692(d) and §1692e. Plaintiff alleges that defendant attempt to collect on '"obsolete'" debt or debt that defendant could not '"lawfully able to collect upon'" violated §1692e and §1692f.

## II.     STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed '"unless it appears certain that [plaintiff] can prove no set of facts that would support his claim and would entitle him to relief.'" *Smith v. Sydnor*, 184 F.3d 356, 361 (4th Cir. 1999). The Court must accept all of the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 361. However, that requirement applies only to facts, not to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). '"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading that offers '"labels and conclusions'" or '"a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Nor does a complaint suffice

if it tenders naked assertion[s] devoid of further factual enhancement. *Id.* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

### III. ARGUMENT

4. Plaintiff's second amended complaint, must be dismissed for the follow reasons:

    (i) Plaintiff has failed to plead facts to support a violation of FDCPA §1692e; and instead relies upon conclusory statement that the debt became "'obsolete'" or that defendant was "'no longer lawfully able to collect upon'" the debt.

    (ii) Plaintiff has failed to plead facts to support a violation of FDCPA §1692f because it has failed to allege facts that the debt was uncollectible as a matter of law and failed to allege a violation that is not enumerated in the other provisions of the FDCPA.

**A. Plaintiff failed to plead a violation of §1692e.**

5. Plaintiff's failure to plead a cause of action under §1692e was included in Defendant's Motion to Dismiss the First Amended Complaint. See Doc. 10 at ¶9-¶12. In plaintiff's second amended complaint, in an apparent attempt to correct his failure to state a claim under §1692e, plaintiff added that the "'subject consumer debt was no longer collectable by Defendant since the original creditor of the subject debt, on whose behalf Defendant was attempting to collect, lost the lawful ability to continue efforts to collection upon the subject debt.'" See Doc. 13 at ¶18. The additional information does not change the fact that plaintiff's alleged violation of §1692e is only based upon plaintiff's conclusory statement that defendant did not have legal authority to collect upon the debt. See Doc. 13 at ¶35. §1692e prohibits a debt collector from making a false, deceptive, or misleading representation in connection with the collection of debt. Plaintiff alleges that the defendant used false and deceptive means (1) by allegedly

representing that defendant had legal authority to collect the debt; and (2) by making calls to plaintiff after plaintiff notified the defendant that it was not *allowed* to call him.'"

6. Plaintiff's claim must be dismissed because (1) plaintiff does not allege that defendant communicated with plaintiff after the December 14, 2018 phone call or how the placement of the phone calls was deceptive; and (2) plaintiff failed to allege any facts to support his allegation that the debt was "'obsolete'" or that it was "'no longer lawfully'" collectible.

7. Plaintiff does not allege that there was any communication between plaintiff and defendant after December 18, 2018. Yet, plaintiff alleges that "'Defendant violated §1692e, e(2) and e(10) when it *deceptively represented* that it had the legal authority to collect upon the subject consumer debt. Doc. 13 at ¶35 (*emphasis added*). It is unclear, how there could be a misrepresentation if there was no communication. Plaintiff also fails to allege how defendant's placement of 15 calls after being notified that it "'***should not be contacting***'" plaintiff was deceptive. *Id*. at 36. Plaintiff does not allege that defendant masked its identity or took any other deceptive actions in connection with placing the calls. Because plaintiff failed to provide any factual basis of (1) a misrepresentation; or (2) any deceptive means, plaintiff's claim for violation of §1692e must be dismissed.

8. Plaintiff alleges that defendant violated of §1692e by "'deceptively represent[ing] that it had legal authority to collect upon the subject consumer debt.'" See Doc. 13 at ¶35. However, plaintiff fails to allege how or why defendant allegedly did not have "'legal authority to collect'" the debt. Instead, plaintiff relies upon conclusory statements that the defendant was no longer legally able to collect the debt. See Doc. 13 at ¶¶18, 19, 20, 23, 35, and 36. Plaintiff's inclusion in ¶18 that the debt was no longer collectable because "'the original creditor of the subject debt, on whose behalf Defendant was attempting to collect, lost the lawful ability to

4

continue efforts to collect upon the subject debt.'" See Doc. 13 at ¶18. Although plaintiff used more words, he did not provide any additional substance. Plaintiff's statement is still a conclusory statement. Plaintiff has still not provided any facts to support that the debt was no longer legally collectible or obsolete.

9. Because the plaintiff has had the opportunity to re-plead and failed to plead facts to support his §1692e, plaintiff's §1692e claim must be dismissed.

**B. Plaintiff failed to plead a violation of §1692f.**

10. Plaintiff alleges that defendant violated §1692f by using unfair or unconscionable means to collect or attempt to collect debt. First, plaintiff alleges that defendant violated §1692f(1) by attempting to collect a debt that was "'uncollectible as a matter of law.'" Doc. 13 at ¶38. Plaintiff fails to allege any facts that the subject debt was uncollectible as a matter of law, instead relying upon its conclusory statements. See Doc. 13 at ¶¶18, 19, 20, 23, 35, and 36. Nor does plaintiff allege facts that defendant attempted to collect a debt after notification of the alleged uncollectability of the account on December 18, 2018; instead plaintiff only alleges that calls were made after December 18, 2018. Because plaintiff has had the opportunity to re-plead and has still failed to plead facts to support its claim that defendant attempted to collect a debt that was uncollectible as a matter of law, plaintiff's §1692f(1) claim must be dismissed.

11. Plaintiff next alleges that defendant violated §1692f when it made 15 calls after "'being notified to stop.'" See Doc. 13 at ¶38. Interestingly, in the facts section of the second amended complaint plaintiff does not state that he told defendant to stop calling, instead he alleges that "'he advised that it was no longer allowed to call him'" and "'advising that it should no longer be calling.'" Doc. 13 at ¶17 and ¶20. Plaintiff further alleges that defendant was unfair and unconscionable because it placed "'voluminous phone calls without his permission.'" *Id.* As

initial matter, a debt collector does need to obtain permission prior to calling a debtor; and therefore, it cannot be unfair or unconscionable behavior to call a debtor without permission. Plaintiff seems to be confused between a cease and desist request from a debtor versus an obligation of a debt collector to obtain permission. Regardless, plaintiff's claim for a violation of §1692f must be dismissed because the application of a violation of §1692f is limited to conduct not enumerated in the other provisions of the FDCPA.

12. While the Supreme Court has not '"had the occasion to construe the terms 'unfair' or 'unconscionable' in § 1692f[,]" it stated that '"[t]he FDCPA's legislative history suggests that Congress intended these terms as a backstop that would enable 'courts, where appropriate, to proscribe other improper conduct . . . not specifically addressed' by the 15 U.S.C. §1692(k) statute." *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1418 n.4 (2017) (quoting S. Rep. No. 95-382, at 4 (1977)). Thus, courts have held that "[i]n light of § 1692f's legislative history . . . [a] claim under § 1692f must be based on either conduct within the listed provisions of § 1692f or based on conduct that does not violate another section of the FDCPA." *Nolan v. Account Control Tech., Inc.*, No. A-17-CV-1184-SS, 2018 WL 1903147, at *5 (W.D. Tex. Feb. 23, 2018) (collection of cases).

13. The facts supporting plaintiff's §1692f claim are the same facts underlying his §1692c and §1692d claims. Plaintiff has alleged no other misconduct in his second amended complaint; therefore, plaintiff's §1692f claim must be dismissed.

## **CONCLUSION**

Plaintiff's has had the opportunity to re-plead his claims but he still fails to for violation of §1692e and §1692f of the FDCPA.

Respectfully submitted,

**LTD FINANCIAL SERVICES, L.P.**

**DATED:  August 8, 2019**          /s/ Sondra Jurica
Sondra Jurica, 24032486
LTD Financial Services, LP
3200 Wilcrest,  Suite 600
Houston, Texas 77074
(713) 414-2100 x 2158
(713) 414-2120 (FAX)
Sondra.jurica@ltdfin.com
*General Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2019, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Sondra Jurica
Sondra Jurica, 24032486
S.D. Tex. Bar No. 37020
LTD Financial Services, LP
3200 Wilcrest,  Suite 600
Houston, Texas 77074
(713) 414-2100 x 2158
(713) 414-2120 (FAX)
Sondra.jurica@ltdfin.com
*General Counsel for Defendant*