United States District Court
Southern District of Texas
**ENTERED**
January 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK A. HOUSER, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-01552 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| LTD FINANCIAL | § | |
| SERVICES LP, | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION
DENYING MOTION TO DISMISS**

The motion by Defendant LTD Financial Services, LP to dismiss certain claims against it under the Fair Debt Collection Practices Act is denied. Dkt 24.

1. Background

The well-pleaded facts in the complaint are accepted as true for purposes of the subject motion to dismiss. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019) (citation omitted). They are as follows.

Plaintiff Mark A. Houser secured a home loan from United Guaranty Corporation in 2011. He fell behind on his payments and owed UCG over twenty thousand dollars. Houser was in default by November 2018, and UGC turned his debt over to LTD for collection. Dkt 22 at ¶¶ 7, 9, 11.

LTD began making collection calls in November 2018. Houser "advised" LTD on December 14, 2018 that "it was no longer allowed to call him" and that it "should no longer be calling." LTD continued to call him despite that request. Id at ¶¶ 11–19, 23.

Houser filed for Chapter Seven bankruptcy on December 18, 2018. Houser listed the debt that he owed to UGC in his schedule of assets protected by the bankruptcy stay. But he received two further debt collection letters from LTD after that date—one on December 31, 2018, and another on February 7, 2019. LTD also called him approximately fifteen times after he told it to stop calling, with most of those calls coming after he filed for bankruptcy. Id at ¶¶ 20, 22–23.

The precise number of calls LTD placed to Houser between December 14th and December 18th is unclear, as is the number placed after he filed for bankruptcy. Houser also doesn't plead facts indicating whether he actually answered the calls, whether LTD left any voicemail messages, or whether he ever told LTD that he had filed for bankruptcy.

Houser brings causes of action against LTD in his third amended complaint for violations of multiple provisions of the Fair Debt Collection Practices Act, as follows:

- *15 USC §§ 1692c(a)(1), 1692d, and 1692d(5).* Houser claims LTD violated these provisions by calling him approximately fifteen times after he advised it to stop doing so. Dkt 22 at ¶¶ 35–37.
- *15 USC §§ 1692e, 1692e(2), and e(10).* Houser claims LTD violated these provisions "when it deceptively attempted to collect upon the subject consumer debt which, by virtue of [his] bankruptcy, could not be collected." Dkt 22 at ¶¶ 38–40.
- *15 USC § 1692f and § 1692f(1).* Houser claims LTD violated these provisions by repeatedly attempting to collect a debt that it couldn't lawfully collect because of his bankruptcy and because he advised it to stop calling. Dkt 22 at ¶¶ 41–43.

Houser also alleges that LTD violated several provisions of the Telephone Consumer Protection Act. He specifically claims that LTD violated 47 USC §§ 227(b)(3)(B) and (b)(3)(C). Dkt 22 at ¶¶ 45–50.

LTD moves to dismiss certain of these claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 24.

2. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 US at 570. A claim has *facial plausibility* "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id at 678, quoting *Twombly*, 550 US at 556.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker*, 938 F3d at 735 (citations omitted). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citations omitted). But documents attached to either a motion to dismiss or an opposition to that motion may be considered when they are referred to in the complaint and "are central to a plaintiff's claims." Ibid (citation omitted). The at-issue debt-collection letters are thus permissibly considered, which Houser attached to his opposition to the motion to dismiss. See Dkt 25-1.

3

3. Analysis

A primary purpose of the FDCPA as stated by Congress was "to eliminate abusive, deceptive, and unfair debt collection practices." 15 USC § 1692(e); see also *Sheriff v Gillie*, 136 S Ct 1594, 1598 (2016). It accomplishes that purpose by regulating the kind and frequency of contact a *debt collector* may have with a *consumer*, as those terms are defined under the FDCPA. See 15 USC § 1692a (definitions); see also see *Gonzalez v Kay*, 577 F3d 600, 603 (5th Cir 2009). Various provisions prohibit debt collectors from engaging in certain conduct, with some aspects stated generally and others stated specifically. See 15 USC §§ 1692c (communication in connection with debt collection), 1692d (harassment or abuse), 1692e (false or misleading representations), and 1692f (unfair practices).

Much of the conduct at issue—namely, the alleged attempt by LTD to collect a debt from Houser after he filed for bankruptcy—is conceivably prohibited by the Bankruptcy Code and the protections offered by the automatic stay. See 11 USC § 362(a)(6); see also 11 USC § 362(k)(1) (providing for actual damages for any willful violation of stay). Other circuits have found no express conflict between the remedies provided by the Bankruptcy Code and the FDCPA, and so hold that a creditor's action could both violate the automatic stay and create liability under the FDCPA. See *Randolph v IMBS, Inc*, 368 F3d at 726, 731–32 (7th Cir 2004); *Simon v FIA Card Services, NA*, 732 F3d 259, 274 (3rd Cir 2013); see also 15 USC § 1692(b) (finding existing laws and procedures inadequate to protect consumers).

Houser brings no direct claim under the Bankruptcy Code for violation of the automatic stay. As to the FDCPA, he instead brings action under §§ 1692c and 1692d as to prohibited communication and harassment because, he says, LTD called him "approximately 15 times after he notified that it should not be calling." Dkt 22 at ¶ 36. He brings several claims under § 1692e as to false or misleading representations because, he says, LTD attempted to collect a consumer debt from him after he filed for bankruptcy and "engaged in false, deceptive, and misleading conduct in connection with" its collection efforts. Id at ¶ 40. And he brings action under § 1692f based on the same

4

conduct that informs his claims under the other FDCPA provisions. Id at ¶¶ 41–43.

The motion by LTD doesn't seek dismissal of the claims under the Telephone Consumer Protection Act or the FDCPA claims under 15 USC §§ 1692c(a)(1), 1692d, and 1692d(5). It targets only those claims under 15 USC §§ 1692e and 1692f.

> a. Claims under 15 USC § 1692e

Section 1692e broadly prohibits the use of any "any false, deceptive, or misleading representation or means in connection with the collection of any debt." It also provides a nonexclusive list of prohibited practices. Section 1692e(2) in relevant part pertains to the false representation of "the character, amount, or legal status of any debt." Section 1692e(10) pertains to the use of "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

*Falsity* in the FDCPA context isn't defined in a vacuum. This is so because Congress designed the FDCPA such that it would provide a shield to all consumers, "including the inexperienced, the untrained and the credulous." *Taylor v Perrin, Landry deLaunay & Durand*, 103 F3d 1232, 1236 (5th Cir 1997). For this reason, courts are to "evaluate any potential deception" according to an "unsophisticated or least sophisticated consumer standard." *Goswami v American Collections Enterprise, Inc*, 377 F3d 488, 495 (5th Cir 2004), citing *Taylor*, 103 F3d at 1236. District courts are cautioned, though, from setting that standard too low. That is, they shouldn't consider the debtor as being on "the very last rung on the sophistication ladder." *Taylor*, 103 F3d at 1236, quoting *Gammon v GC Services LP*, 27 F3d 1254, 1257 (7th Cir 1994). As such, whether "an unsophisticated consumer would perceive a collection letter as deceptive or unfair is a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." *Carter v First National Collection Bureau, Inc*, 135 F Supp 3d 565, 569 (SD Tex 2015) (citations omitted).

A consumer can successfully plead a claim under § 1692e by alleging that a "demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the

5

automatic stay . . . it is not." *Randolph*, 368 F3d at 728. District courts may only dismiss claims under § 1692e when "'reasonable minds' cannot differ as to whether a letter would be deceptive, misleading, or unfair to the unsophisticated consumer." *Gomez v Niemann & Heyer, LLP*, 2016 WL 3562148, *4 (WD Tex), citing *Gonzalez*, 577 F3d at 606–07.

Houser claims that LTD called him "multiple" times and sent him two letters attempting to collect his debt to UGC after he filed for bankruptcy. Dkt 22 at ¶¶ 20–25, 40. He argues that the calls and letters he received from LTD after filing for bankruptcy constituted "false, deceptive, and misleading conduct in connection with its efforts to collect a debt." Id at ¶ 40. This, he says, violated 15 USC § 1692e generally—and §§ 1692e(2) and e(10) specifically—because LTD "deceptively attempted to collect upon the subject consumer debt which, by virtue of [his] bankruptcy, could not be collected." Dkt 22 at ¶¶ 38–40.

LTD seeks dismissal of the claims under § 1692e for several reasons.

*First,* LTD argues that Houser hasn't pleaded facts describing the contents of the alleged letters he received, making it "impossible to know whether the letters contained any false or deceptive language." Dkt 24 at ¶¶ 10–11. But Houser permissibly attached to his response the at-issue debt-collection letters. See *Brand Coupon*, 748 F3d at 635. Both state that LTD was attempting to collect a debt from Houser and demanded payment while he was in bankruptcy. See Dkt 25-1. Reasonable minds could differ as to whether the letters were thus deceptive or misleading under these provisions. For instance, they are arguably *false* in the sense that LTD asserted that money was due, even though it wasn't because of the automatic stay. See *Randolph*, 368 F3d at 728. Dismissal isn't appropriate on this basis. See *Carter*, 135 F Supp 3d at 569.

*Second,* LTD argues Houser didn't allege that he verbally communicated with LTD after he filed for bankruptcy, making it similarly impossible to know whether the calls contained any false, deceptive, or misleading representations. Id at ¶ 11. But Houser sufficiently pleaded that both the calls *and* the letters constituted "false, deceptive, and misleading conduct in

6

connection with" its efforts to collect a debt from him that couldn't then be collected. Dkt 22 at ¶ 40; Dkt 25 at 8–9. The letters alone support Houser's claim. Whether the phone calls included false, deceptive, or misleading information is irrelevant to the disposition here. And what discovery eventually shows as to the calls can be sorted on summary judgment or with pretrial rulings.

*Third,* LTD argues that to "the extent Houser's claim is that [his] debt was extinguished on the filing for the bankruptcy proceedings, the case should be dismissed because the filing of bankruptcy does not extinguish the debt." Id at ¶ 12. But this misstates Houser's claims, which are based on violations of the automatic stay—not that LTD attempted to collect an extinguished debt.

*Fourth,* LTD argues for the first time on reply that it couldn't have violated the automatic stay because it didn't have "knowledge of the bankruptcy," meaning it also couldn't have violated the FDCPA. Dkt 26 at ¶¶ 3–4. Arguments raised for the first time in a reply brief are waived. *US v Jackson*, 426 F3d 301, 304 n 2 (5th Cir 2005) (citation omitted). And regardless, all "questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v Fresne*, 252 F3d 352, 357 (5th Cir 2001) (citation omitted). The argument appears to assert a defense provided by the FDCPA. That is, debt collectors "may not be held liable in any action" if they "show by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 USC § 1692k(c). What LTD knew, when LTD knew it, and what procedures it had in place are questions of fact that can't be considered at this point. *Epstein v Beck & McDonald* 1994 LEXIS 21655, * 9–10 (ND Tex).

Houser's claims under 15 USC §§ 1692e, 1692e(2), and 1692e(10) will proceed.

### b. Claims under 15 USC §§ 1692f

Section 1692f provides, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Section 1692f(1) specifically prohibits debt collectors from

7

collecting or attempting to collect any amount, including interest, fees, charges, or expenses incidental to the principal obligation, "unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Houser claims that LTD violated these provisions by engaging in the same conduct by which he has brought his other FDCPA claims. He argues that these attempts "to coerce [him] into payment by placing repeated phone calls after the demands he made, irrespective of the legal status of the subject debt," constituted "unfair and unconscionable behavior in violation of the FDCPA." Dkt 22 at ¶ 43.

LTD seeks dismissal of Houser's claims under § 1692f for several reasons.

*First,* LTD argues that Houser hasn't pleaded "when and who" attempted to collect the debt. Dkt 24 at 5–6. To the contrary, the collection letters attached to Houser's response plainly demonstrate that LTD was attempting to collect Houser's debt to UGC in December 2018 and February 2019. Dkt 25-1.

*Second,* LTD argues that Houser didn't include his debt to UGC on his schedule of liabilities and that UGC wasn't on the list of creditors to receive notice of his bankruptcy. Dkt 24 at 6. But Houser's claim under § 1692f is based on allegations that LTD attempted to collect his debt to UGC after he told it to stop *and* after he declared bankruptcy. Dkt 22 at ¶¶ 42–43. Even if LTD didn't know that Houser filed for bankruptcy, he sufficiently alleges that it was still on notice he didn't want any further calls. Id at ¶ 43. This doesn't preclude LTD from asserting an affirmative defense under § 1692k(c) that it didn't know Houser filed for bankruptcy or that he didn't want any further calls. But that can't be resolved at the pleading stage.

*Third,* LTD argues that Houser didn't actually tell it to stop calling him. Dkt 24 at 6. This is nonsense. LTD is a sophisticated debt collector. Houser alleges that he "advised" LTD that "it was no longer allowed to call him" and that it "should no longer be calling." Dkt 22 at ¶¶ 18 & 23. That is of sufficient specificity that LTD could understand Houser's requests to mean stop—even if he perhaps didn't use that exact word.

*Fourth,* LTD observes that Houser supports his claims under § 1692f with the exact same facts as his claims under §§ 1692c and 1692d. And it argues that a claim under § 1692f is limited to conduct not enumerated in the other provisions of the FDCPA. Dkt 24 at 7. That concern has potential merit in some contexts. But not here.

Many courts have that held a claim under § 1692f must derive from conduct not captured elsewhere in the FDCPA. Judge Sam Sparks summarized these holdings in *Nolan v Account Control Technology, Inc*, stating, "A claim under § 1692f must be based on either conduct within the listed provisions of § 1692f or based on conduct that does not violate another section of the FDCPA." 2018 WL 1903147, *1 (WD Tex); see also *Osborn v Ekpsz, LLC*, 821 F Supp 2d 859, 878 (SD Tex 2011); *Krier v United Revenue Corp*, 2020 WL 2065618, *6 (ND Tex); *Cook v Credit Systems International, Inc*, 2020 WL 5797715, *3 (ED Tex). These decisions appear to trace forward from reasoning set out many years prior in *Masuda v Thomas Richards & Co*, 759 F Supp 1456, 1461 n 10 (CD Cal 1991). And one district court has observed what it considered to be "a growing consensus, at least among district courts, that a claim under § 1692f must be based on conduct either within the listed provisions, or be based on conduct which falls outside of those provisions, but which does not violate another provision of the FDCPA." *Winberry v United Collection Bureau, Inc*, 697 F Supp 2d 1279, 1292 (MD Ala 2010) (collecting cases).

The Fifth Circuit hasn't addressed the relationship between § 1692f and other FDCPA provisions. But a number of other circuit courts have held that the same conduct can be both false, deceptive, or misleading under § 1692e and unfair or unconscionable under § 1692f. And so they haven't precluded action from proceeding under § 1692f generally, even when action may also proceed under § 1692e generally or under other specific subsections of §§ 1692e or 1692f. *Currier v First Resolution Investment Corp*, 762 F3d 529, 535–36 (6th Cir 2014); accord *McMillan v Collection Professionals Inc*, 455 F3d 754, 763–65 (7th Cir 2006); *Arias v Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F3d 128, 135–36 (2d Cir 2017).

9

To the extent tension—if not outright conflict—exists in these rulings, it needn't be resolved here. Houser doesn't allege only a *catchall* violation of § 1692f generally. He asserts a claim as to § 1692f(1) and its prohibition of attempts to collect a debt "unless such amount is . . . permitted by law." Dkt 22 at ¶¶ 42–44. True, this in some ways replicates his claim for conduct under § 1692e(2) and its prohibition of the false representation of "legal status of any debt." But nothing in the structure of the FDCPA suggests that the same conduct can't violate specific prohibitions in multiple sections. And regardless of whether the rule as stated in *Nolan* is correct, the fact remains that Houser has pleaded his claim based on "conduct within the listed provisions of § 1692f." *Nolan*, 2018 WL 1903147 at *1, citing *Osborn*, 821 F Supp 2d at 878, and *Winberry*, 697 F Supp 2d at 1292.

Houser's pleading under § 1692f with direct linkage to one of its illustrative subsections is thus sufficient. His claims under 15 USC §§ 1692f and 1692f(1) will proceed.

4. Conclusion

The motion by LTD Financial Services, LP to dismiss is DENIED. Dkt 24.

All claims in this action will proceed to discovery.

SO ORDERED.

Signed on January 7, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge